# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1440V
(not to be published)

| | |
|---|---|
| RICHARD DENNIS MISZEWSKI,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 22, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Phillip S. Georges, Phillip S. Georges, PLLC,* Nashville, TN, for Petitioner.

*Colleen Clemons Hartley,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On October 22, 2020, Richard Miszewski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome as a result of an influenza vaccine he received on January 22, 2019. (Petition at 1). On March 23, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 26).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 17, 2022, (ECF No. 36) requesting a total award of $28,122.89 (representing $22,728.75 in attorney fees and $5,394.14 in attorney costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 36-6). Respondent reacted to the motion on May 18, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 37). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

    A.  <u>Hourly Rates</u>

        1.    *Phillip S. Georges*

Petitioner is requesting the following rates for his attorney Phillip S. Georges: $395 per hour for time billed in 2018; $405 per hour for time billed in 2019; $420 per hour for time billed in 2020; $444 per hour for time billed in 2021; and $450 per hour for time billed in 2022. (ECF No. 36-1 at 3). Mr. Georges has been a licensed attorney since 2005, placing him in the range of attorneys with 11 - 19 years' experience based on the OSM Attorney Fees Rate Schedule. Although the requested rates are within the appropriate experience ranges, Mr. Georges does not have demonstrated Vaccine Act experience, with this matter being his first Program case in which his rates are to be determined. It is therefore improper for Mr. Georges to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $330 per hour for time billed in 2018; $350 per hour for time billed in 2019; $365 per hour for time billed in 2020; $385 per hour for time billed in 2021; and $400 per hour for time billed in 2022. This reduces the amount to be awarded in fees by **$1,355.00**.[3]

        2.    *Adam Woodside*

Attorney Adam Woodside has been licensed to practice law since 2018, placing him in the range of attorneys with less than four years' experience. (ECF No. 36-1 at 2). However, Mr. Woodside is not admitted to practice in the Court of Federal Claims, and therefore is ineligible to collect fees at the same rate as a Court's bar member. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

---

[3] This amount is calculated as follows: ($395 - $330 = $65 x 6.9 hrs = $448.50) + ($440 - $350 = $90 x 4.65 hrs = $418.50) + ($420 - $365 = $55 x 3 hrs = $165) + ($444 - $385 = $59 x 2 hrs = $118) + ($450 - $400 = $50 x 4.1 hrs = $205) = $1,355.00.

As such, the time billed by Mr. Woodside must compensated at non-attorney rates. I shall reduce Mr. Woodside's requested rates from $200 per hour for time billed in 2018 to the rate of $153 per hour and $240 per hour for time billed in 2019 to $156 per hour.[4] These represents rates more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of the attorney fees requested in amount of **$443.15**.[5]

### B. Administrative Time

Upon review of the billing records submitted, it appears that there are several entries for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Seven hours was billed on tasks considered administrative including, creating PDF's, making documents searchable, and creating files smaller.

Because the Program does not reimburse such administrative tasks, I will reduce the amount of fees to be awarded by **$1,050.00**.[6]

### C. Other – Retainer Agreement

The materials filed in connection with the present fee request reveal that Petitioner entered into an agreement with counsel setting rates for Mr. Georges between $250 - $450 per hour, and for law clerks at $150 - $200. (ECF No. 36-2 at 1). This kind of arrangement, however, while acceptable between lawyer and client *outside* of the Program, is wholly impermissible *within* the Program, where fees and costs can only be awarded by order of the special master presiding over the case. *See* Section 15(e)(3) ("[n]o attorney may charge any fee for services in connection with a petition . . . *which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)*") (emphasis added).

---

[4] Mr. Woodside billed 0.25 hrs in 2018 and 1 hour in 2019 at the rate of $250 per hour. These rates will be reduced accordingly.

[5] This amount consists of ($200 - $153 = $47 x 4.2 hrs = $197.40) + ($240 - $156 = $84 x 1.5 hrs = $127.50) + ($250 - $153 = $97 x 0.25 hrs = $24.25) + ($250 - $156 = $94 x 1 hrs = $94) = $443.15.

[6] This amount consists of: ($150 x 7 hrs = $1,050.00).

I raise this issue both to bring it to Petitioner's and counsel's attention, and also to notify counsel that attempting to recover any fees or costs that have been requested herein but not awarded by this Decision would constitute a violation of the Vaccine Act. Enforcement of terms used for civil retainer agreements despite this admonition would also raise legitimate questions about counsel's ethical conduct that would have to be raised with the Court of Federal Claims.

## ATTORNEY COSTS

Petitioner requests $5,394.14 in overall costs. (ECF No. 36-4 at 1). This amount is comprised of obtaining medical records, expert costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full. However, I would like to caution counsel that for future cases, authorization is needed by the Court before retaining an expert.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$25,274.74** (representing $19,880.60 in fees and $5,394.14 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.